IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Joel D. Shelton (#3359), | ) | |
|---|---|---|
| Plaintiff, | ) | District Court No. 14 C 50053 |
| | ) | Appellate Court No. 14-2038 |
| | ) | |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| City of Rockford, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion for leave to proceed *in forma pauperis* on appeal [7] is denied. This court certifies that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). To proceed with his appeal, Plaintiff must either pay the appellate fees of $505 within 14 days or seek review of this court's certification in the U.S. Court of Appeals for the Seventh Circuit within 30 days of entry of this order. The clerk is directed to: (1) send a copy of this order to the PLRA Attorney for the U.S. Court of Appeals and (2) pursuant to Fed. R. Civ. P. 60(a), correct the date of this court's dismissal order from August 8, 2014, to April 8, 2014.

## STATEMENT

Plaintiff Joel Shelton, an inmate currently confined at the Winnebago County Jail, seeks to appeal this court's April 8, 2014, order (mistakenly dated August 8, 2014), which dismissed this 42 U.S.C. § 1983 action as untimely. Plaintiff's suit seeks to challenge his 2010 arrest, which occurred either on January 1, 2010, or May 19, 2010. Plaintiff alleged that the dashboard video recording of him being pulled over was doctored. Currently before this court is Plaintiff's motion to proceed *in forma pauperis* on appeal.

This court certifies that the appeal is not being taken in good faith. 28 U.S.C. § 1915(a)(3). Plaintiff does not state what issues he seeks to raise on appeal, *see* Fed. R. App. P. 24(a)(1), nor does a liberal construction of his notice of appeal, which includes an amended complaint, reveal a non-frivolous issue for appeal. Plaintiff states in his amended complaint that his suit is not time-barred because he did not learn until the end of 2013 or the beginning of 2014 of the existence of evidence demonstrating a governmental conspiracy involving a stolen financial plan of $258 million dollars and the possible murder of a defense engineer and others. (Dkt. Entry #6 at 9.) Plaintiff contends that his 2010 arrest was somehow related to the conspiracy.

For the reasons stated in this court's April 8, 2014, order and Plaintiff having not presented the grounds for his appeal, the court certifies that the appeal is not being taken in good faith and denies his motion to proceed IFP on appeal. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(1). To the extent Plaintiff's amended complaint attached to his notice of appeal provides the issues he seeks to bring in this case or seeks to raise on appeal, he still has not presented a non-frivolous issue,

and consideration of the amended complaint does not alter this court's determination that the appeal is not being taken in good faith. *See* § 1915(a)(3); *Walton v. Walker,* 364 Fed. Appx. 256, 258, 2010 WL 376322 at *2 (7th Cir. 2010), citing *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *see also Lee v. Clinton*, 209 F .3d 1025, 1026 (7th Cir. 2000) (a finding that an appeal is not taken in good faith is essentially equivalent to a finding of frivolousness, i.e. "that no reasonable person could suppose [the appeal] to have any merit"). "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 565 (7th Cir. 2011) (citation and internal quotation marks omitted); *see also In re Gulevsky*, 362 F.3d 961, 964 (7th Cir.2004) ("An appeal is frivolous when the appellant's arguments are utterly meritless and have no conceivable chance of success.")

In accordance with *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), Plaintiff must pay to this court the full $505 appellate filing fee within 14 days or the Court of Appeals may dismiss his appeal for want of prosecution.

If Plaintiff seeks to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within 30 days after service of this order. *See* Fed. R. App. P. 24(a).

Lastly, the court notes that the date of the April 8, 2014, order mistakenly states "August 8, 2014." *See* Dkt. Entry 4, p.2. The Seventh Circuit's recent communication to this court about the erroneous date on the order is construed as leave for this court to correct the error, and this court directs that the date of the court's order entered on the docket on April 8, 2014 (Dkt. Entry #4), be corrected from August 8, 2014, to April 8, 2014. *See* Fed. R. Civ. P. 60(a) ("after an appeal has been docketed in the appellate court and while it is pending, [a clerical] mistake may be corrected only with the appellate court's leave").

Date: May 30, 2014